IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-00152-01-CR-W-SOW |
| | ) | |
| REGINALD L. MCGLOTHEN, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant McGlothen's Motion to Quash Search Warrant (doc. #23). For the reasons set forth below, it is recommended that this motion be denied.

I. INTRODUCTION

On April 19, 2006, the Grand Jury returned a one count indictment against defendant Reginald L. McGlothen. The indictment charges that on or about January 26, 2006, defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a V. Bernardelli, Model 80, .22 caliber pistol, Serial Number 05440 in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e)(1).

On August 29, 2006, an evidentiary hearing was held on defendant McGlothen's Motion to Suppress Any and All Statements of Defendant (doc. #22). At that hearing, the Court was advised that the Motion to Quash Search Warrant could be ruled on the basis of the Affidavit/Application and Warrant which were admitted as Government Exhibits 1 and 2. (Tr. at 3, 30-31)

II. FINDINGS OF FACT

The undersigned submits the following proposed findings of fact:

1.      On January 19, 2006, an Affidavit/Application for Search Warrant was presented to

Judge Bob Beaird. The Affidavit/Application for Search Warrant, sworn to by Detective Robert Delameter, provides in part:

> On 01-11-2006, at approximately 2045 hours, a Detective with the Kansas City Missouri Police Department, Street Narcotics Unit and a Confidential Informant responded to 51st and S. Wabash Avenue, Kansas City, Jackson County, Missouri and purchased crack cocaine, weighing approximately 0.1 grams, for twenty dollars in pre-recorded Street Narcotics Unit buy money.
>
> On 01-17-2006, at approximately 1200 hours, a Detective with the Kansas City Missouri Police Department, Street Narcotics Unit and a Confidential Informant responded to 51st and S. Wabash Avenue, Kansas City, Jackson County, Missouri to attempt a second narcotics purchase. The Confidential Informant made arrangements with the suspect, later identified as Reginald L. McGlothen, to purchase forty dollars worth of crack cocaine using phone number 816-651-6241, prior to Det. Davis and the Confidential Informant arrival at 51st and S. Wabash Avenue. The suspect directed the Confidential Informant to respond to 51st and S. Wabash Avenue and wait at the northeast corner.
>
> Upon arrival, the aforementioned Detective had surveillance crews set up at the 5200 block of S. Indiana Avenue, Kansas City, Jackson County, Missouri in an attempt to locate the suspect. Surveillance crews observed the suspect driving the suspect vehicle, a grey 1989 Dodge pick-up truck, south on Indiana from 51st Street, Kansas City, Jackson County, Missouri. The suspect got out of the vehicle and unlocked the detached garage located in front of the third (3rd) structure south of 52nd Street and third (3rd) structure north of 53rd Street on the west side of S. Indiana Avenue, facing east and walked into it. Approximately ten to fifteen seconds later, the suspect exited the detached garage and locked it. The suspect reached into the truck bed of the suspect's vehicle and retrieved numerous grocery sacks and responded to the front door of the residence located in the 5200 block of S. Indiana Avenue, third (3rd) structure south of 52nd Street and third (3rd) structure north of 53rd Street on the west side of S. Indiana Avenue, facing east and entered the front door without knocking. At this time, the surveillance crews notified the aforementioned Detective that the suspect was inside the residence. The aforementioned Detective had the Confidential Informant call the suspect again and asked when he would be at 51st and S. Wabash. The suspect told the Confidential Informant he would be there in five to six minutes. The surveillance crews observed the suspect exit the front door of the residence located in the 5200 Block of S. Indiana Avenue, the third (3rd) structure south of 52nd Street and third (3rd) structure north of 53rd Street on the west side of S. Indiana Avenue facing east and get into the suspect vehicle. The suspect drove north from the 5200 Block of S. Indiana Avenue to 51st Street and

turned west on 51st Street and responded to 51st and S. Wabash and met the Confidential Informant. The Confidential Informant walked over to the front driver's side of the suspect's vehicle and handed the suspect forty dollars of pre-recorded Street Narcotics Unit buy money. The suspect handed the Confidential Informant a beige rock-like substance purported to be crack cocaine. The suspect told the Confidential Informant to call him again when the Confidential Informant need anymore. The suspect left the area. The Confidential Informant responded back to the aforementioned Detective's vehicle and immediately handed the aforementioned Detective the beige rock-like substance.

The Confidential Informant was searched prior to and after the narcotics transaction for weapons, narcotics and currency with negative results.

The Detective field-tested the purchased substance, which weigh approximately 0.5 grams, utilizing the Scott Reagent System Test Kit. The substance tested positive to the presence of cocaine. The purchased evidence was packages, sealed, signed, dated and placed in the unit safe to be forwarded to the Regional Crime Lab for analysis.

The aforementioned Detective checked the license plate of the suspect's vehicle, a grey Dodge pick-up truck, through the ALERT system. The license plate responded to a 1989 Dodge pick-up truck registered to Reginald L. McGlothen, 5208 S. Indiana Avenue. A computer check of 5208 S. Indiana Avenue revealed Reginald L. McGlothen to live at the address since 09-08-2005. It is the affiant's strong belief that the residence that the suspect entered, located in the 5200 Block of S. Indiana Avenue and is the third (3rd) structure south of 52nd Street and the third (3rd) structure north of 53rd Street on the west side of S. Indiana Avenue facing east is 5208 S. Indiana Avenue, Kansas City, Jackson County, Missouri.

**A no-knock warrant is being requested due to the following facts:**

**A computer check of McGlothen, Reginald L., B/M, 12-01-1969 through the ALERT system revealed that he has been arrested for the following: Carry a Weapon on 11-09-87, Resist Officer on 08-19-88, Aggravated Assault on 06-14-97, Unlawful use of a weapon on 04-08-2000 and Resist Officer on 03-25-2003.**

It seems probable the occupants of the residence could pose a threat to officers entering the residence upon execution of the search warrant. Past experience related to narcotics investigations have revealed that small quantities of narcotics can be easily disposed of prior to law enforcement officers entering the residence to execute search warrants.

3

(Government's Ex. 1)

    2.       The Affidavit/Application for Search Warrant was for a search of:

> A residence located in the 5200 block of S. Indiana Avenue, Kansas City, Jackson County, Missouri. It is a white residential structure with an enclosed porch. The detached garage is a white structure with stone and is located in front of the residence. It is the third (3rd) structure south of 52nd Street and the third (3rd) structure north of 53rd Street on the West side of S. Indiana Avenue facing east. The numbers "52_8" are clearly posted on the front of the residence.

(Government's Ex. 1)

    3.       Judge Beaird signed the Search Warrant on January 19, 2006 at 11:01 a.m. The search warrant authorized the officers to seize the following at the above described residence:

> Cocaine, a Schedule II Controlled Substance;
>
> Any firearms;
>
> U.S. Currency, in close proximity to narcotics;
>
> U.S. Currency - Street Narcotics Unit buy money consisting of three (3) twenty dollar bills. Serial numbers CJ01764890A, BF23205090E and EE76513255A;
>
> Narcotics paraphernalia and any items used in the preparation, packaging and distribution of Cocaine;
>
> Any papers, correspondence or documents related to drug trafficking and/or the disposition of moneys which evidence the proceeds from the illicit trafficking of drugs;
>
> Indicia of occupancy, residency, ownership, management and/or control of the premises described above including, but not limited to utility and telephone bills, canceled envelopes and keys.

(Government's Ex. 2)

### III. DISCUSSION

Defendant McGlothen seeks to quash the search warrant authorizing law enforcement

4

officers to search the residence at 5208 South Indiana Avenue and to suppress as evidence any and all of the items retrieved from the premises. Defendant argues that the search warrant was issued without a proper showing of probable cause. (Motion to Quash Search Warrant at 1)

The Supreme Court has recognized that, because of the Constitution's "strong preference for searches conducted pursuant to a warrant," an issuing judge's "determination of probable cause should be paid great deference by reviewing courts." Illinois v. Gates, 462 U.S. 213, 236 (1983). The United States Supreme Court has set forth the following with respect to what is required for a valid search warrant:

> The Fourth Amendment requires that search warrants be issued only "upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized."...[T]his Court has interpreted [these words] to require only three things. First, warrants must be issued by neutral, disinterested magistrates. Second, those seeking the warrant must demonstrate to the magistrate their probable cause to believe that "the evidence sought will aid in a particular apprehension or conviction" for a particular offense. Finally, "warrants must particularly describe the 'things to be seized,'" as well as the place to be searched.

Dalia v. United States, 441 U.S. 238, 255 (1979)(citations omitted).

When an issuing judge relies solely upon a supporting affidavit in issuing a warrant "'only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.'" United States v. Gladney, 48 F.3d 309, 312 (8th Cir. 1995) (quoting United States v. Leichtling, 684 F.2d 553, 555 (8th Cir. 1982), cert. denied, 459 U.S. 1201 (1983)); United States v. Etheridge, 165 F.3d 655, 656 (8th Cir. 1999). The affidavit "should be examined under a common sense approach and not in a hypertechnical fashion." United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993). Probable cause to issue a warrant is present when "given all the circumstances set forth in the affidavit before him, ... there is a fair probability that

5

contraband or evidence of a crime will be found in a particular place." Gladney, 48 F.3d at 312 (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).

It is clear in this case that the information contained in the affidavit provided sufficient probable cause to issue a warrant to search the residence located at 5208 South Indiana Avenue for drugs, currency and drug packaging materials. The affidavit provides that a Detective with the Kansas City Police Department, accompanied by a confidential informant, purchased crack cocaine at the corner of 51st and S. Wabash Avenue. Approximately six days later, the confidential information made arrangements with the defendant via telephone number 816-651-6241 to purchase additional crack cocaine. The defendant told the confidential informant to wait at the northeast corner of 51st and S. Wabash Avenue. Unbeknownst to the defendant, the police department had set up surveillance in the area and observed the defendant park a gray pick up truck in front of the residence located at 5208 South Indiana Avenue. Law enforcement observed the defendant unlock and enter the detached garage located in front of the residence and fifteen seconds later exit the garage and lock it. The defendant then retrieved numerous grocery sacks from the truck and entered the residence. At that time, at the direction of the Detective, the confidential informant telephoned the defendant at the same telephone number used before and asked the defendant when he would be at the corner of 51st and S. Wabash Avenue. The defendant told the confidential informant that he would be there in five or six minutes. Law enforcement observed the defendant leave the residence in the pick-up truck and drive to the corner. The confidential informant approached the driver's side of the vehicle and purchased crack cocaine. The defendant told the confidential informant to contact him if he wanted to purchase more cocaine. The license plate of the defendant's truck revealed that the truck was registered to the defendant at 5208 S. Indiana Avenue.

6

The information contained in the affidavit was the result of an investigation by the Kansas City Police Department. The police department was involved in every aspect of the investigation. The police department did not request the search warrant until the investigative team had observed the defendant enter and exit the residence and later sell crack cocaine to the confidential informant. Thus, a common sense review of all of the facts in the affidavit suggests that probable cause existed for the belief that the defendant was dealing drugs out of his house at 5208 S. Indiana and that drugs, currency and drug packaging material would be present at that location.

Neither party addressed the issue of whether probable cause existed to search for firearms. However, no facts were alleged in the affidavit to suggest that the defendant had been in possession of a firearm during any of the drug buys. The only mention of firearms was in the section of the affidavit/application requesting a no-knock warrant, wherein defendant's past arrest history for carrying a weapon in 1987 and unlawful use of a weapon in April of 2000 was mentioned. However, this information does not provide any support for searching for firearms in 2006 at the Indiana address. As the affidavit did not provide factual support for a search for firearms, it is questionable if the Court could find that probable cause existed to search for the firearms.

However, the Court finds that any firearms seized should not be suppressed based upon the good faith exception provided for in United States v. Leon, 468 U.S. 897 (1984). Evidence seized pursuant to the warrant is admissible if it appears that the officers executing the warrant were acting in "objectively reasonable reliance" on a warrant issued by a neutral judge. See United States v. Leon, 468 U.S. 897, 922 (1984); United States v. Murphy, 69 F.3d 237, 241 (8th Cir. 1995), cert. denied, 516 U.S. 1153 (1996). Here, Judge Beaird found probable cause for the issuance of the warrant. No evidence or argument has been presented to suggest that the officers were not

7

objectively reasonable in relying on the warrant.

## IV. CONCLUSION

For the reasons set forth above, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant Reginald McGlothen's Motion to Quash Search Warrant (doc. #23).

Counsel are reminded they have ten days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

/s/ *Sarah W. Hays*
SARAH W. HAYS
United States Magistrate Judge